IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elijah White, #92738-071, ) | |
| ) | Civil Action No. 3:06-2141-PMD-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| State of South Carolina; and ) | **REPORT AND RECOMMENDATION** |
| Henry D. McMaster, Attorney ) | |
| General of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Elijah Jerome White ("White"), is presently incarcerated in the Federal Bureau of Prisons, having been sentenced to a term of imprisonment of 360 months in Criminal No. 98-455, United States v. Deliz, et al., on June 26, 2001. White filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 27, 2006, collaterally attacking two 1993 convictions rendered in the Court of General Sessions in Berkeley County.[1] Respondents filed a return and motion for summary judgment on September 18, 2006. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 21, 2006. White filed his response on October 19, 2006.

**Procedural History**

White pled guilty to driving under suspension, second offense, and possession of marijuana in Berkeley County on July 22, 1993. He was sentenced to "time served." White did not file a direct appeal. As noted above, White was sentenced in this Court in 2001.

---

[1] This is not the first time White has sought to attack state convictions which became final prior to his federal conviction. In White v. Hamidullah, 3:05-2342-PMD-JRM, White challenged four Charleston County sentences also imposed in 1993. The Court ruled that White's previous § 2254 petition was untimely.

White filed an application for post-conviction relief ("PCR") in the Court of Pleas for Berkeley County on April 16, 2002. That case was dismissed but the State conceded to vacation of the ruling and a second PCR was filed on May 28, 2002. An evidentiary hearing was held on June 20, 2003. The PCR court issued a written order on July 25, 2003, dismissing the application as time barred under South Carolina law. (App. 85). An appeal was filed through the South Carolina Office of Appellate Defense. A Johnson[2] petition was filed raising the following issue:

> The PCR Judge erred in denying petitioner's claim that his indictment in PWID (marijuana) was defective because there was no listing of the amount or weight of the drug reflected in the indictment.[3]

The South Carolina Supreme Court denied certiorari on February 15, 2006. The Remittitur was returned on March 3, 2006.

## Grounds for Relief

In his present petition White asserts that he is entitled to a writ of habeas corpus on the following grounds:

> Ground One:  Whether trail [sic] counsel was deficient in failing to advise petitioner of his right to appeals.
>
> Strickland v. Washington, 466 U.S. 668 (1984). Counsel has a constitutionally imposed duty to consult with the defendant about an appeal.
>
> Ground Two:  Indictment was defective.
>
> Indictment was lacking drug amounts. State v. Slack, 429 S.E.2d 801, indictment is defective if it fails to allege elements of scienter that are expressly contained in statute that describes offense.
>
> Ground Three:  The court lacked subject matter jurisdiction.

---

[2]Johnson v. State, 294 S.C. 310, 364 S.E.2d 2001 (1988).

[3]White was originally charged with PWID marijuana but pled to simple possession.

> The court did not sentence the petitioner to South Carolina law, under the (YOA).

## **Discussion**

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a

defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances

4

where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330.  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing the doctrine does not apply.  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).  To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004).  It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

     The convictions challenged by White became final in 1993, prior to the effective date of the AEDPA.  Thus, White had until April 24, 1997, to file his petition in this Court.  He failed to do so. The filing of his PCR in state court, which was found to be time barred, does not begin a new period in which to file his petition in this Court.  White has not shown that he is entitled to invoke the doctrine of equitable tolling.

## **Conclusion**

Based on a review of the record, the undersigned recommends that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

> Respectfully submitted,
>
> s/Joseph R. McCrorey
> United States Magistrate Judge

March 29, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7