IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elijah White, # 92738-071, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> State of South Carolina; and Henry D. ) <br> McMaster, Attorney General of the State ) <br> of South Carolina, ) <br> ) <br> ) <br> Respondents. ) <br> _____) | C.A. No.: 3:06-2141-PMD-JRM <br> <br> **ORDER** |

This matter is before the court upon the Magistrate Judge's recommendation that Respondents' Motion for Summary Judgment be granted. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Elijah White ("White" or "Petitioner") filed timely objections to the R&R.

## **BACKGROUND**

On July 22, 1993, White pled guilty to driving under suspension, second offense, and possession of marijuana.[1] He was sentenced to time served and did not file a direct appeal. White filed an application for post-conviction relief ("PCR") in the Court of Common Pleas for Berkeley

---

[1]These offenses were committed in Berkeley County. Subsequently, in October of 1998, White pled guilty to narcotics conspiracy charges in the United States District Court for the District of South Carolina, and he was sentenced to 360 months imprisonment. *See United States v. White*, 54 Fed. App'x 576 (4th Cir. 2002). The offenses committed in Berkeley County are at issue in the case *sub judice*.

1

County on April 16, 2002. Although that case was dismissed, the State conceded to vacation of that ruling, and White filed his second PCR action on May 28, 2002. The court issued a written order dated July 25, 2003, in which the court dismissed the application as time-barred. White appealed, but the Supreme Court of South Carolina denied certiorari on February 15, 2006, and the remittitur was returned on March 3, 2006.

White filed the instant petition pursuant to 28 U.S.C. § 2254 on July 27, 2006.[2] In his petition, he asserts the following grounds and supporting facts for relief (verbatim):

(1) Whether tr[ia]l counsel was deficient in failing to advise petitioner of his right to appeal[].

> Strickland v. Washington. 466 U.S. 668 (1984). Counsel has a constitutionally imposed duty to consult with the defendant about an appeal.

(2) Indictment was defective.

> [I]ndictment was lacked drug amounts. State v. Slack 429 S.E.2d 801, indictment is defective if it fails to allege elements of scienter that are exp[r]essly contained in statute that describes offense.

(3) The court lacked subject matter jurisdiction.

> The court did not sentence the petitioner to South Carolina law. Under the (YOA).

(Petition at 4-5.)

On September 18, 2006, Respondents filed a Motion for Summary Judgment. Respondents assert that pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), White had one year from the time the statute began to run to file his habeas petition. Because White's

---

[2]As the Magistrate Judge noted, White challenged four Charleston County sentences which were also imposed in 1993 in *White v. Hamidullah*, 3:05-2342-PMD-JRM. The court ruled White's § 2254 petition was untimely.

conviction became final prior to the effective date of the AEDPA, Respondents argue White "had until April 24th, 1997 to file his federal habeas corpus action unless the period was at any time tolled." (Resp'ts Mot. for Summ. J. at 5.) Respondents also argue that neither White's April 16, 2002 PCR application nor his May 28, 2002 PCR application was "'properly filed' as required for tolling," so the time period for filing his federal habeas petition began running on April 24, 1996 and was not tolled at any time. (*See* Resp'ts Mot. for Summ. J. at 5-6.) Respondents assert that even if White's PCR application "was properly filed on April 16th, 2002, almost six years of non-tolled time existed between the filing date and April 24th, 1996." (Resp'ts Mot. for Summ. J. at 6 n.3.)

In an R&R dated March 29, 2007, Magistrate Judge Joseph R. McCrorey recommended granting Respondents' Motion for Summary Judgment. The Magistrate Judge stated,

> The convictions challenged by White became final in 1993, prior to the effective date of the AEDPA. Thus, White had until April 24, 1997, to file his petition in this Court. He failed to do so. The filing of his PCR in state court, which was found to be time barred, does not begin a new period in which to file his petition in this Court. White has not shown that he is entitled to invoke the doctrine of equitable tolling.

(R&R at 5.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

Petitioner makes one objection to the R&R, asserting that "his § 2254 should be granted under the equitable tolling standard." (Objections at 1.) White asserts he has the "right to be informed of his right to appeal" but that his counsel admits he never informed White or consulted with White about an appeal. (Objections at 2.)[3] White asserts that if he had "been informed properly of the circumstances of the multiple convictions he would have definitely appealed the sentence." (Objections at 2.) White argues his petition should be considered timely because he was not aware he could file an appeal or an application for PCR until June of 2001, and he filed his PCR application on April 16, 2002. (Objections at 2.)

Title 28, United States Code, Section 2244(d)(1), as amended in 1996 by the AEDPA, provides that a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. §2244(d)(1).[4]

---

[3]At the PCR hearing, White's attorney testified that he never discussed an appeal with White:
> Q.   Do you recall discussing with Mr. White whether he wanted to appeal the sentence in this case?
> A.   No, I did not. He was very pleased with the outcome.
> Q.   Did you tell him if he wanted to appeal he had ten days to appeal?
> A.   I do not remember whether I told him or not, to be honest. It would be customary for me to tell him.

(Hr'g Tr. 12:19-12:25.)

[4]28 U.S.C. § 2244(d)(1) provides,
> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the

"Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Nevertheless, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris,* 209 F.3d at 330).

In *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), a § 2254 petitioner appealed the district court's dismissal of his § 2254 petition as untimely. *Harris*, 209 F.3d at 326. In *Harris*, the petitioner was convicted in state court on November 9, 1990, and on April 24, 1992, the Maryland Court of Appeals denied his petition for a writ of certiorari. *Id*. The AEDPA was enacted in 1996, and on "March 12, 1997, ten-and-one-half months after the enactment of the AEDPA, Harris filed a petition for state post-conviction relief." *Id*. His application was denied, and on January 7, 1998, "the Maryland Court of Special Appeals denied Harris' application for leave to appeal the denial, thus concluding his state post-conviction proceedings." *Id*. After Harris' counsel learned of the state court's final decision on post-conviction relief, he wrote Harris a letter dated January 12, 1998, which stated,

---

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

> The next (and last) step is to go into federal court by way of a federal habeas Petition. You have one year from January 7, 1998 [the date the state post-conviction proceedings concluded], or up to and including January 6, 1999, to go into federal court.

*Id*. at 326-27. Harris filed his federal habeas petition on July 22, 1998, and when the district court dismissed it as time-barred, Harris appealed. *Id*. at 327.

Although Harris argued the one-year limitations period did not begin to run until the conclusion of state post-conviction proceedings, the Fourth Circuit rejected that argument and determined that in Harris' case, the one-year limitations period began to run on April 24, 1996, the effective date of the AEDPA. *Id*. at 328. The running of the statute was suspended while his state petition was pending, but it commenced running again on January 7, 1998. *Id*. Because Harris filed his petition six months after the one-year period had expired, the Fourth Circuit found his petition time-barred. *Id*.

Harris also argued that even if the one-year period had run, "equitable tolling should be applied . . . because he relied on the negligent and erroneous advice of his counsel who misadvised him of the deadline for filing this habeas petition and because precedent at the time counsel gave him the advice was not clear." *Id.* (internal quotation marks omitted). Concluding that § 2244(d) "is subject to equitable tolling, at least in principle," the Fourth Circuit then examined whether equitable tolling was appropriate in Harris' case. *Id*. at 329-30. The court noted that equitable tolling "has been applied in two generally distinct kinds of situations." *Id*. at 330 (quotation marks omitted). The first is where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant." *Id*. at 330. In the second situation, "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id*. (quotation marks omitted). The court stated,

6

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> 
> There is no allegation . . . that the State of Maryland contributed in any way to Harris' delay in filing his petition. Therefore, to invoke equitable tolling, Harris must be able to point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit.
> 
> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that extraordinary circumstance external to Harris that would justify equitable tolling.

*Id.* (internal quotation marks and citations omitted); *see also Carlson v. Houston*, No. 4:05CV3012, 2005 WL 1221828, *1 (D. Neb. May 23, 2005) (denying and dismissing a § 2254 petition were the petitioner argued he was entitled to equitable tolling because his two attorneys failed to inform him of the AEDPA's one-year statute of limitations; the court stated, "An inmate's lack of notice concerning the AEDPA statute of limitations does not warrant equitable tolling of the statute of limitations.).

Following the rationale of *Harris*, if a petitioner is not entitled to equitable tolling because his attorney *misinformed* him about the AEDPA's statute of limitations, it follows that a petitioner is not entitled to equitable tolling when his attorney does not inform him of the statute of limitations. *Harris*, 209 F.3d 325; *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("But, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.

7

2002), for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Boyles v. Virginia*, No. 7:05-CV-00075, 2005 WL 2233578, *3 (W.D. Va. Sept. 13, 2005) ("Mere lack of knowledge as to a statutory deadline for filing federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief [as equitable tolling]."); *King v. Angelone*, No. 2:02CV82, 2002 WL 32589034, *5 (E.D. Va. Sept. 24, 2002) ("Ignorance of the law has never been a valid excuse for untimely filing. As for petitioner's argument that his trial counsel never informed him of his right to file a federal habeas petition, the Court[] finds that this argument is no different from the ignorance of the law argument." (citations omitted)). Petitioner does not allege extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time. His objection is thus without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondents' Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 16, 2007**